1
2
3
4
5
6
7                   IN THE UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9  JORGE TREJO,
10         Plaintiff,                       No. 2: 10-cv-2381 DAD P
11     vs.
12 DR. NANGALAMA, et al.,
13         Defendants.                      <u>ORDER</u>
14 _____/
15         Plaintiff, a state prisoner originally proceeding pro se, filed this civil rights action
16 on September 3, 2010, seeking relief under 42 U.S.C. § 1983.  On October 6, 2010, the
17 undersigned issued an order finding that the complaint stated cognizable claims for relief against
18 defendants Nangalama, Sahoto, Moghaddam, Ali, and Lovett and authorizing service of the
19 complaint upon them.  (Doc. No. 10.)  On June 15, 2011 the court issued its discovery and
20 scheduling order governing the litigation.  (Doc. No. 15.)  On August 5, 2011, the court granted
21 defendants' request to modify the scheduling order and extend the time for discovery and the
22 filing of motions.  (Doc. No. 17.)  Thereafter, on September 7, 2011, attorney William L.
23 Schmidt filed a substitution of attorney request seeking leave to appear as counsel of record on
24 behalf of plaintiff and on September 13, 2011, this court granted that request.  (Doc. Nos. 18-20.)
25         On March 30, 2012, defendants filed a timely motion for summary judgment
26 pursuant to Rule 56 of the Federal Rules of Civil Procedure on the last day for doing so under the

amended scheduling order. Defendants did not notice that motion for hearing, citing Local Rule 230(l), which provides that all motions filed in actions wherein one party is incarcerated and proceeding in propria persona shall be submitted on the record without oral argument. (Doc. No. 21 at 2.) Counsel for plaintiff did not file opposition to defendants' motion for summary judgment nor respond to the motion in any way.

Accordingly, on September 12, 2012, the court finally issued an order to show cause directing plaintiff's counsel to respond to the motion or to file a notice of non-opposition to defendants' motion. (Doc. No. 23.) On September 24, 2012, attorney Marguerite E. Meade filed a response to the court's order to show cause which, in the upper left-hand corner, listed both herself and William L. Schmidt, Esq. as "Attorneys for Plaintiff Jorge Trejo." (Doc. No. 24.)[1] This response was supported by the declaration of attorney Meade as well as other documents. (Id.) Therein, attorney Meade asserts that although defendants' motion for summary judgment was received on March 30, 2012, it was assumed by plaintiff's counsel that the motion would be set for hearing and that filing an opposition to that motion would be permissible until fourteen days preceding the hearing date pursuant to Local Rule 230(c). (Id. at 3-5.)

In the response to the court's order to show cause, attorney Meade also requests that the court reopen discovery, which closed in this action back on December 30, 2011. Attorney Meade refers to Federal Rule of Civil Procedure 56(d)[2], which authorizes the court to defer consideration of a motion for summary judgment and allow a party time to take discovery

---

[1] Attorney Meade has never appeared as an attorney of record in compliance with Local Rule 182(a) and therefore does not appear on the court's docket in this action. The court notes that in her recent filing in response to the order to show cause, attorney Meade lists an address different than that of plaintiff's counsel of record, attorney Schmidt. Although attorney Meade states in her response and in her supporting declaration that both she and attorney Schmidt substituted in as plaintiff's counsel of record on September 7, 2011, she is mistaken. A review of attorney Schmidt's original proposed substitution (an erroneous filing of a substitution on behalf of a different plaintiff in a different case pending in the Fresno Division of this court), his amended substitution of attorney and this court's order granting his request, reveal nary a mention was made of attorney Meade. (See Doc. Nos. 18-20.)

[2] These provisions of Rule 56 were formerly found in subsection (f) of the rule.

where specified reasons are established as to why the party cannot present facts essential to justify its opposition, and to various agreements she contends the parties reached regarding the taking of discovery after the cut-off date established in the court's scheduling order that was amended prior to attorney Schmidt substituting in as attorney of record for plaintiff.

No motion to modify the scheduling order and no opposition to the defendants' summary judgment motion on Rule 56(d) grounds has been filed with the court by plaintiff's counsel. On the other hand, since filing their motion for summary judgment on March 30, 2012, which they failed to properly notice for hearing, counsel for defendants have filed nothing with the court, not even a notice of non-opposition to their motion. Finally, there is the matter of attorney Meade, who has not made a proper appearance in the case and is therefore not plaintiff's counsel of record at this point. Given these various failures to comply with both the Local Rules and the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. The court's September 12, 2012 order to show cause is discharged;

2. The court specifically notes that by its terms Local Rule 230(l) ceased having any application to this action once the court issued an order granting counsel's substitution on behalf of plaintiff on September 13, 2011;

3. Defendants' March 30, 2011, motion for summary judgment (Doc. No. 21) is denied without prejudice as having not been properly noticed for hearing pursuant to Local Rule 230(b);

4. Attorney Meade shall not file any additional documents with the court in this action until she has properly appeared in the case in compliance with Local Rule 182(a)(2)(iii) or (iv); and

5. This matter is set for status conference before the undersigned on **February 22, 2013 at 10:00 a.m.** in Courtroom 27. Any party may appear at the status conference telephonically. To arrange telephonic appearance, the party must contact Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128 not later than 48 hours before the hearing. A land

line telephone number must be provided for the court's use in placing a call to the party appearing telephonically. In addition, one week prior to the hearing the parties shall file and serve status reports addressing their position regarding whether discovery and/or law and motion should be re-opened in this action and, if so, to what extent, as well as any other matters that are pertinent to the resolution of this civil action.

DATED: January 30, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
trej2381.dch